09 CV 7401

JUDGE McMAHON

Brad D. Rose, Esq. (BR 2740)
brose@pryorcashman.com
Nicole E. Kaplan, Esq. (NK 6478)
nkaplan@pryorcashman.com
M. Mona Simonian, Esq. (MS 2654)
msimonian@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
(212) 421-4100



*Attorneys for Plaintiff Parker Waichman Alonso LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARKER WAICHMAN ALONSO LLP,<br><br>                    Plaintiff,<br><br>v.<br><br>THE ORLANDO FIRM, P.C.,<br><br>                    Defendant. | Civ. Action No. _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff PARKER WAICHMAN ALONSO LLP ("PWA"), by its attorneys, Pryor Cashman LLP, as and for its Complaint against Defendant THE ORLANDO FIRM, P.C. ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. In this action, PWA seeks injunctive relief and damages based upon Defendant's infringement of PWA's federally registered YOUR LAWYER® and YOURLAWYER.COM® trademarks (the "Marks"), and acts of unfair competition engaged in by Defendant. Defendant is using an almost identical copy of PWA's Marks in connection with the same services offered by PWA under its federally registered Marks (legal services) and is competing with PWA in the same channels of trade.

## THE PARTIES

2. PWA is a New York limited liability partnership doing business at 111 John Street, 14th Floor, New York, NY 10038.

3. Upon information and belief, Defendant, The Orlando Firm, PC, is a professional corporation organized under the laws of Georgia having a principal place of business at 315 W. Ponce de Leon Avenue, Suite 400, Decatur, GA 30030.

4. Upon information and belief, Defendant solicited and represented, either directly or through local counsel as agent, New York residents in connection with lawsuits in New York Courts, and has actively engaged in substantial and continuous business activities in the State of New York, thereby purposely availing itself of the privileges of conducting business in the State.

5. Upon further information and belief, Defendant operates a website that is accessible in the State of New York and in this District, and actively solicits clients from around the country, including in New York State and in this District, advertising through its website that "Although headquartered in Decatur, Georgia, The Orlando Firm, P.C. handles serious injury cases and class action lawsuits across the country."

6. Upon information and belief, Defendant's website advertises its practice of retaining local counsel free of charge in order to encourage out of state clients to retain its services.

7. Upon information and belief, Defendant's website is interactive, permitting prospective clients to "speak with an attorney" by completing a form on the website and emailing that form through the website.

## JURISDICTION AND VENUE

8.  The action arises under the Lanham Trademark Act, 15 U.S.C. §1501 et seq. (the "Lanham Act") and the common law of the State of New York. This Court has jurisdiction pursuant to 28 U.S.C §§ 1331, 1338 and 1367. Alternatively, Plaintiff asserts jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 since the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

9.  Venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL CLAIMS

### Background on PWA and it Marks

10. PWA is recognized as one of the leading plaintiffs firms in the country, successfully representing victims against entities such as insurance companies, pharmaceutical companies, medical device manufacturers, consumer product manufacturers, tobacco companies, landlords, construction contractors, hospitals and other negligent persons and entities.

11. PWA has owned and used the domain name YOURLAWYER.COM (the "Domain Name") since February 1999. Through its Domain Name, PWA markets its services and serves as a valuable resource to the public, providing critical information such as relevant legal updates, injury alerts, NIH and FDA information, EPA and product warnings and product recalls.

12. PWA's Domain Name serves as PWA's office home site. As a testament to PWA's nationwide notoriety and stellar reputation, PWA's website accessible via the Domain Name receives, on average, over 6000 views per day.

13. PWA is the owner of two federally registered Marks: YOURLAWYER® (Reg. No. 3510267) for legal services and YOURLAWYER.COM® (Reg. No. 3210791) for legal services, advice and representation of prospective clients.

14. PWA, through its predecessor in interest, Parker & Waichman, acquired all right, title and interest in the registered trademark YOURLAWYER.COM (Reg. No. 2156909), including the goodwill appurtenant thereto, from James A. Dunlap, Jr. This registration cited a date of first use of May 15, 1997.

15. PWA, directly and through its predecessor in interest, has been using all of its Marks since at least as early as 1997 in connection with all aspects of its legal services. The Marks are embodied in PWA's Domain Name, prominently featured on PWA's website, and on all business-related documents such as letterhead and business cards.

16. PWA spends millions of dollars each year promoting and marketing its website and the services offered under the YOURLAWYER® and YOURLAWYER.COM® Marks.

17. As a result of PWA's long-standing use of the Marks as well as PWA's success in selling, advertising and promoting its legal services via the Marks, the Marks have become strong and recognizable.

**Defendant's Infringing Use of PWA's Mark**

18. Although PWA has never authorized Defendant to utilize PWA's Mark in any manner, Defendant is knowingly, willfully and without any authorization from PWA, selling, advertising, marketing and/or promoting legal services under the exact same mark as used and made famous by PWA – YOUR LAWYER – through the domain name YOURLAWYER.TV ("Infringing Mark").

4

19. Defendant registered the Infringing Mark as a domain name on February 5, 2007, approximately seven years after PWA began using its Marks and Domain Name in commerce and, upon information and belief, shortly after learning and interacting with PWA.

20. Upon information and belief, the Infringing Mark is not Defendant's sole office home site - one can access Defendant's website by a domain name that embodies Defendant's firm name: www.orlandofirm.com. Upon further information and belief, email extensions at Defendant's firm utilize the orlandofirm.com web address.

21. Defendant's Infringing Mark, YOURLAWYER.TV, encompasses PWA's entire federally registered trademark YOURLAWYER® and is essentially identical to and likely to be confused with PWA's other mark, YOURLAWYER.COM®. The mere addition of the generic domain extension, .tv., does not serve to adequately distinguish the Infringing Mark from the PWA's registered Marks.

22. Defendant's website accessible via YOURLAWYER.TV is interactive, allowing the exchange of information between Defendant and website viewers. In fact, Defendant's website encourages users to "speak to an attorney" by completing a form on the website.

23. Upon information and belief, Defendant is, in whole or in part, offering the exact same type of legal services under its Infringing Mark as those offered by PWA under its Marks – plaintiff representations in the mass tort arena – such as in areas of workers' compensation, drug recalls, medical device recalls, food poisoning, medical malpractice, defective products, personal injury, aviation issues and premises liability.

24. At a minimum, upon information and belief, consumers are likely to be misled into believing that Defendant's services offered under the Infringing Mark emanate from or are otherwise affiliated with PWA when in fact they are not.

25. Defendant's use of its Infringing Mark is calculated to deceive the purchasing public into believing that the services offered under the Infringing Mark are authorized by and/or affiliated with PWA.

26. In addition, Defendant's use of PWA's mark to compete with PWA in the exact same areas of the law is designed to divert potential clients away from PWA to Defendant.

27. Upon information and belief, this is not the first time Defendant has usurped another's valuable trademark for its own commercial gain.

28. PWA first learned of Defendant's impermissible use of the Infringing Mark in or about February 2009. In an effort to resolve this matter amicably and without resorting to litigation, PWA contacted Defendant and requested that it transfer the domain name YOURLAWYER.TV to PWA.

29. Though Defendant had agreed to make this transfer, Defendant failed to do so as promised.

30. Upon information and belief, Defendant has continued to willfully sell, advertise, market and/or promote its services under the Infringing Mark, all in the face of and with full knowledge of PWA's rights in and to the Marks in connection with legal services.

31. Defendant's actions have caused and will continue to cause PWA irreparable harm for which money damages alone are inadequate. Moreover, Defendant is being unjustly enriched by the false association created by its blatant and prominent use of PWA's registered Mark, YOURLAWYER®, in commerce.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. §1114)

32. PWA repeats and re-alleges each and every allegation set forth at paragraphs 1 through 31 of the Complaint as if each were fully set forth at length herein.

33. By its unauthorized use of a mark that is identical to or substantially indistinguishable from PWA's federally registered Marks YOURLAWYER® and YOURLAWYER.COM®, Defendant is trading on PWA's registered Marks and is misappropriating the goodwill and reputation which has attached to those Marks.

34. Defendant's unauthorized use of PWA's Marks constitutes an infringement of federally registered trademarks and will likely confuse and deceive customers into erroneously believing that Defendant and its legal services are associated with and/or authorized by PWA.

35. PWA has never authorized or otherwise consented to Defendant's use of its Marks in any manner and has expressed its strong written objection to Defendant's use of the Infringing Mark.

36. The acts and conduct of Defendant complained of herein constitute willful and deliberate infringement of the Marks, including the YOUR LAWYER® mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114.

37. By reason of all the foregoing, PWA is being irreparably damaged by Defendant's willful, unauthorized use of the Marks in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using PWA's registered Marks or any colorable imitation thereof.

38. PWA is entitled to injunctive relief under 15 U.S.C. §1116 (a) as there is no adequate remedy at law to fully redress Defendant's illegal conduct.

39. In addition to injunctive relief, PWA is entitled to all damages it has sustained in an amount to be determined at trial including but not limited three times Defendant's profits and gains as a result of its unfair competition described above, attorneys fees and costs of this action pursuant to 15 U.S.C. § 1117.

40. In addition, Defendant's infringement of PWA's Marks constitute an exceptional case and was intentional, entitling PWA to treble its actual damages (15 U.S.C. § 1117).

## SECOND CLAIM FOR RELIEF
### (Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a))

41. PWA repeats and re-alleges each and every allegation set forth at paragraphs 1 through 40 of the Complaint as if each were fully set forth at length herein.

42. PWA owns all right, title and interest in and to the Marks and holds the exclusive rights to market and sell legal services under the Marks.

43. Defendant's conduct as alleged herein, including its use of the Infringing Mark in connection with legal services and specifically the exact same legal services offered by PWA under its Marks, constitutes a false designation of origin as such conduct is likely to cause confusion or to deceive consumers as to the origin, sponsorship, affiliation, connection and/or association of PWA and/or its Marks, with Defendant and its Infringing Mark.

44. The Infringing Mark is calculated and intended to deceive and is likely to deceive consumers into believing that the legal services promoted and offered under the Infringing Mark are affiliated with PWA's services. The Infringing Mark, which appropriates PWA's federally registered YOURLAWYER mark in its entirety, is, in fact, virtually indistinguishable from PWA's federally registered Marks.

45. PWA does not now and has never sponsored or approved of or authorized Defendant's use of the Infringing Mark.

46. Defendant is capitalizing on and profiting from the consumer confusion between its Infringing Mark and PWA's authentic YOUR LAWYER® mark.

47. The foregoing acts of Defendant constitute unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. PWA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount not yet determined or ascertainable.

49. Upon information and belief, Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable.

### THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition)

50. PWA repeats and re-alleges each and every allegation set forth at paragraphs 1 through 49 of the Complaint as if each were fully set forth at length herein.

51. PWA has expended substantial time, resources and effort to develop and obtain an excellent reputation and goodwill for itself, its legal services and its Marks.

52. Defendant has appropriated PWA's YOURLAWYER® Mark and is creating the false impression that use of the Infringing Mark is sanctioned by PWA in order to arrogate unto itself all of the goodwill associated with the Mark and PWA. Defendant's unlawful acts in appropriating rights in PWA's Marks were intended to capitalize on PWA's goodwill for Defendant's own pecuniary gain.

53. The Infringing Mark being used by Defendant is calculated to and is likely to create confusion and to deceive and mislead consumers into believing that Defendant's legal services originated with or is authorized by PWA, and has caused and is likely to cause confusion as to the source of Defendant's services, all to the detriment of PWA.

54. Upon information and belief, Defendant's use of PWA's Mark YOURLAWYER® has resulted in lost profits to PWA and Defendant's unjust enrichment.

55. Defendant's acts as alleged above constitute unfair competition and will, unless enjoined by this Court, continue to result in the destruction and/or diversion of PWA's goodwill in its Marks, not to mention the diversion of PWA's potential consumers.

56. Upon information and belief, Defendant committed the acts alleged herein willfully with the intent confuse the public and to injure PWA.

57. PWA has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount not yet determined or ascertainable.

58. Upon information and belief, Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable.

## FOURTH CLAIM FOR RELIEF
### (Unlawful Deceptive Acts and Practices - N.Y. Gen. Bus. Law §349)

59. PWA repeats and re-alleges each and every allegation set forth at paragraphs 1 through 58 of the Complaint as if each were fully set forth at length herein.

60. Defendant, without PWA's authorization or consent, and having knowledge of PWA's prior rights in and to the YOUR LAWYER® trademark, advertised, offered for sale and sold legal services under the Infringing Mark to the consuming public in direct competition with PWA.

61. Defendant's use of the Infringing Mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendant's legal services, and is likely to deceive the public into believing the services offered by Defendant originate from, are associated with, or are otherwise authorized by PWA.

62. Defendant's deceptive acts and practices involve public sales activities of a recurring nature.

63.     PWA has no adequate remedy at law, and if Defendant's activities are not enjoined, PWA will continue to suffer irreparable harm and injury to its goodwill and reputation.

64.     In addition to injunctive relief, PWA is entitled to all damages it has sustained in an amount to be determined at trial but not less than Defendant's profits and gains, attorneys fees and costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, PWA demands judgment against Defendant as follows:

1.      Ordering that Defendant and its parents, subsidiaries, affiliated companies, officers, agents, directors, employees, shareholders and attorneys and all those persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be permanently restrained and enjoined from:

(a)     Further infringing PWA's Marks, and from selling, marketing, offering for sale, advertising, promoting, displaying or otherwise using any simulation, reproduction, counterfeit, copy or colorable imitation of PWA's Marks or any mark confusingly similar thereto;

(b)     Using any simulation, reproduction, counterfeit, copy or colorable imitation of PWA's Marks in connection with the promotion, advertisement, sale or offering for sale, of any legal services, in such fashion that will or are likely to relate or connect, or tend to relate or connect, such services in any way to PWA, or to any services sold, advertised, promoted or connected with PWA;

(c)     Using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services sold by Defendant is in any manner associated

or connected with PWA, or are sold, licensed, sponsored, approved or authorized by PWA;

(d)     Using any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to PWA its Marks, by using PWA's registered Marks without the authorization of PWA;

(e)     Engaging in any other activity constituting unfair competition with PWA, or constituting an infringement of PWA's Marks, or of PWA's rights in, or to use or to exploit, said Marks.

2.     Directing that Defendant deliver for destruction all signs, labels, brochures, marketing or promotional materials, business cards, letterhead, prints, packages, invoices, wrappers, receptacles and advertisements in its possession or under its control bearing, including or encompassing any of PWA's Marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof

3.     Directing that defendant not destroy, secret, damage or otherwise spoil any and all information and documents pertaining to the facts and circumstances arising from or relating to the allegations set forth in this Complaint;

4.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the services offered under the Infringing Mark sold or promoted by Defendant is authorized by PWA or related in any way to PWA's services.

5.     Directing that an accounting and judgment be rendered against Defendant for:

(a)     All profits received by Defendant from the sale of the services through the Infringing Mark together with interest thereon;

(b)     All profits received by Defendant and all damages sustained by PWA on account of Defendant's trademark infringement and unfair competition together with interest thereon and, furthermore, that such profits and damages as found herein be trebled as provided for by 15 U.S.C. §1117.

(c)     All inquiries received from or directed to or through Defendant's YOURLAWYER.TV website.

6.     Awarding PWA its costs in this action together with reasonable attorneys' fees and expenses and interest thereon.

7.     Directing that the Court retain jurisdiction of this action for the purpose of enabling PWA to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

8. Awarding to PWA such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 21, 2009

PRYOR CASHMAN LLP

By: /s/ Brad D. Rose
Brad D. Rose, Esq.
brose@pryorcashman.com
Nicole E. Kaplan, Esq.
nkaplan@pryorcashman.com
M. Mona Simonian, Esq.
msimonian@pryorcashman.com
7 Times Square
New York, New York 10036-6569
(212) 421-4100

*Attorneys for Plaintiff*

14